KRISTEN CLARKE, Assistant Attorney General
SAMEENA SHINA MAJEED, Chief
MEGAN K. WHYTE DE VASQUEZ, Deputy Chief
BETH FRANK, Trial Attorney
WILLISTINE TARSHA HARRIS, Trial Attorney
United States Department of Justice
4 Constitution Square
150 M Street, N.E., Suite 800
Washington, D.C. 20530
Tel: (202) 616-2677 | Fax: (202) 514-1116
Beth.Frank@usdoj.gov
Willistine.Harris@usdoj.gov

JASON M. FRIERSON, United States Attorney
District of Nevada
Nevada Bar No. 7709
HOLLY A. VANCE, Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
Tel: (775) 784-5438 | Fax: (775) 784-5181
Holly.A.Vance@usdoj.gov

*Attorneys for Plaintiff United States of America*

C. NICHOLAS PEREOS, Esquire
Nevada Bar No. 0000013
C. Nicholas Pereos, Ltd.
161 Country Estates Circle, Unit 2
Reno, Nevada 89511
Tel: (775) 329-0678
CNPereos@gmail.com

*Attorney for All Defendants*

***UNITED STATES DISTRICT COURT***
***DISTRICT OF NEVADA***

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>C. NICHOLAS PEREOS, *et al.*,<br><br>Defendants. | Case No: 3:21-cv-00031-MMD-CSD<br><br>***CONSENT ORDER*** |

## *I. INTRODUCTION*

1. Plaintiff United States of America ("Plaintiff") filed this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("the Act" or "the FHA").

2. The United States filed this action on January 14, 2021, on behalf of Complainants Janet Williams, Brieanna Sandusky, Janet Williams' minor child, and Brieanna Sandusky's two minor children (the "Sandusky Complainants"); and Complainants Cornelia Barmettler, Joe Ford, and Micah Dirden (the "Barmettler Complainants"), (collectively, "Complainants"), pursuant to 42 U.S.C. § 3612(o).

3. The Complaint alleges that Ms. Sandusky's minor son ("CL"), has Type I Diabetes, which substantially limits his major life activities of eating, playing, caring for himself, and interacting with other children, and is therefore an individual with a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602(h). The Complaint further alleges that at all times relevant to this action, CL utilized a service animal, described as a labradoodle dog named "Ellie," which monitors his diabetes and notifies Ms. Williams and Ms. Sandusky of substantial fluctuations in CL's blood sugar levels.

4. The Complaint alleges that Cornelia Barmettler has several mental health disorders, which substantially limit one or more major life activities including, but not limited to, eating, sleeping, working, caring for herself and engaging in social interactions, and is therefore an individual with a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602(h). The Complaint further alleges that at all times relevant to this action, Ms. Barmettler utilized an assistance animal, a Rhodesian Ridgeback mixed breed dog named "Gracie," to help alleviate symptoms of her mental health disabilities, including calming her and making her less anxious and fearful.

5. At all times relevant to this action, Defendant Pereos 1980 Trust a.k.a. Restated 1980 Pereos Trust owned the Subject Property located at 1425 Watt Street, in Reno, NV. Defendant Trust represents that it engaged Nina Properties II, Inc. to independently manage





and control the Subject Property. Defendant Trust represents that it has sold 1425 Watt Street.

6. At all times relevant to this action, Defendant Brownstone Apartments, LLC owned the Subject Property located at 300 W. Pueblo Street, in Reno, NV. Defendant Brownstone Apartments, LLC represents that it has sold 300 W Pueblo Street.

7. At all times relevant to this action, Defendant Nina Properties II, Inc. was the management company for the two Subject Properties. Defendant Nina Properties II, Inc. represents that it does not currently manage the two Subject Properties and does not have any plans to do so in the future.

8. At all times relevant to this action, Defendant C. Nicholas Pereos was the owner and director of Defendant Nina Properties II, Inc. At all times relevant to this action, Defendant C. Nicholas Pereos was the president of Brownstone Apartments, LLC. At all times relevant to this action, Defendant Pereos served as manager of the two Subject Properties. Defendant C. Nicholas Pereos represents that he does not currently manage the two Subject Properties and does not have any plans to do so in the future.

9. At all times relevant to this action, Defendant Willis Powell was the Trustee of the Trust that had an ownership interest in the Subject Property located at 1425 Watt Street. Defendant Powell represents that he has since resigned and is no longer a Trustee nor has an ownership interest in 1425 Watt Street.

10. At all times relevant to this action, Defendant Nichole Truax is the Trustee of the Trust that had an ownership interest in the Subject Property located at 1425 Watt Street. Defendant Truax represents that she engaged Nina Properties II, Inc. to manage and operate the Subject Properties, and not involved in the management of the properties.

11. At all times relevant to this action, Defendant Iris Norton was an employee of Defendant Pereos' law firm. Defendant Norton represents that she had no role in management of the Subject Properties and had no interaction with the Bartmettler claim.





12. At all times relevant to this action, Defendant Teri Morrison was an employee of Defendant Nina Properties and Defendant Pereos through the C. Nicholas Pereos, Ltd. law firm, and managed the Subject Property located at 300 W. Pueblo Street. Defendant Morrison represents that her only interaction with the Sandusky Complainants was to provide them with a rental application. Defendant Morrison represents that she has since retired.

13. The Complaint alleges that Defendants violated the FHA by: refusing to grant the Sandusky Complainants a reasonable accommodation to allow them to lease a unit at the Subject Property located at 1425 Watt Street because of CL's service animal, in violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3); and by interfering with CL's rights.

14. The Complaint alleges that Defendants violated the FHA by: refusing to grant the Barmettler Complainants a reasonable accommodation to allow Ms. Barmettler to reside in a unit at the Subject Property located at 300 W. Pueblo Street with her assistance animal, in violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3); and by interfering with Ms. Barmettler's rights.

15. The Complaint arises from two separate and independent incidents of alleged discrimination which were combined in one lawsuit.

16. The Defendants' Answer asserted forty (40) affirmative defenses to the allegations in the Complaint.

17. The Parties agree that to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or a trial. Nothing in this Consent Order shall be deemed to constitute an admission of liability or any wrongdoing on the part of Defendants. This Consent Order resolves all claims in the Complaint against Defendants.

## *II. GENERAL INJUNCTION*

***It is hereby STIPULATED, ADJUDGED, and ORDERED as follows:***

18. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

19. Defendants, their agents, their employees, and all others in active concert or participation with them, will not discriminate on the basis of a disability as prohibited by the FHA, and are hereby enjoined from:

a. Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling to any renter because of a disability or because of the disability of someone associated with the renter, in violation of 42 U.S.C. § 3604(f)(1);

b. Discriminating against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a disability, or because of the disability of someone associated with that person, in violation of 42 U.S.C. § 3604(f)(2);

c. Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by §§ 3604, 3605, or 3606 of the FHA, in violation of 42 U.S.C. § 3617.

### *III. MANDATORY EDUCATION AND TRAINING*

20. Within sixty (60) days of the entry of this Consent Order, Defendant C. Nicholas Pereos, Defendant Iris Norton and all of Defendants' employees and/or agents who have management or administrative duties with respect to the leasing or rental of housing shall attend, at the Defendants' expense, a live training program regarding the Fair Housing Act, including in particular the FHA's prohibitions against disability discrimination. The training may be conducted virtually. The training shall be conducted by a qualified third-party, approved in advance by the United States with notice to Defendants, and unconnected to Defendants, their employees, agents, or Counsel.





21. Any new employees hired to work with or for Defendants who will perform management or administrative duties with respect to leasing or rental of housing will attend fair housing training within thirty (30) days of the start of their employment. Defendants shall bear the costs associated with the training.

22. All persons required under Paragraphs 20-21 to attend training shall, within fourteen (14) days of completing the training, certify that they have participated in the educational training program, and that they understand and acknowledge their duties and responsibilities under this Consent Order and the federal Fair Housing Act. Such certification shall take the form of Appendix A to this Consent Order.

## *IV. NON-DISCRIMINATION POLICY*

23. Within thirty (30) days of the entry of the Consent Order, Defendants shall post and prominently display at any place of business where Defendants conduct rental activity and/or have personal contact with applicants for rental properties, a sign no smaller than 11 inches by 14 inches indicating that all units are available for lease or rental on a non-discriminatory basis. An 11-by-14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement. Defendants may use HUD Form 928, copies of which are available free of charge by calling HUD directly at 800-669-9777, or online at https://www.hud.gov/sites/documents/928.1.pdf.

24. Defendants shall ensure that any new advertising in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, rental applications, leases, and other promotional literature includes a fair housing logo, the phrase "Equal Opportunity Provider," and/or the following sentences:

> "We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, religion, sex, disability, familial status, or national origin."

## *V. REASONABLE ACCOMMODATION POLICY*

25. Within thirty (30) days of the entry of this Consent Order, Defendants shall implement the written "Reasonable Accommodation Policy for Persons with Disabilities" that was reviewed and approved by the United States.





26. Defendants may amend the Policy once it has been implemented only after receiving approval from the United States, or, if the United States denies such approval, upon Order of the Court.

27. Defendants shall keep written records of each request for reasonable accommodation made. These records shall include:

a. Name, address, and telephone number of the person making the request;
b. Date on which the request was received;
c. Nature of the request;
d. Whether the request was granted or denied; and
e. If the request was denied, the reason(s) for the denial.

## *VI. REPORTING AND RECORD KEEPING*

28. Defendants shall notify and provide documentation[1] to the United States of the following events within fourteen (14) days of their occurrence:

a. The implementation of any change to the Reasonable Accommodation Policy for Persons with Disabilities;
b. The attendance of any person at an educational program required under Paragraphs 20-21 of this Consent Order by forwarding a completed certification in the form of Appendix A to this Consent Order;
c. The posting of the Non-Discrimination Policy in accordance with Part IV of this Consent Order;
d. The denial of a request for a reasonable accommodation by any person, including the requester's name, address, and telephone number, the date of the request, the details of the request, and the written explanation provided to the requestor for denying the request; and

[1] All documents, instruments, and written materials required by this Consent Order are to be sent by email to Counsel of Record for the United States (*i.e.*, Willistine.Harris@usdoj.gov, or an alternate email address subsequently provided by the United States).

e. The making of any written or oral complaint against Defendants regarding discrimination on the basis of disability, including a copy of the written complaint itself or a written summary of an oral complaint, and the name, address, and telephone number of the complainant. Defendants shall also promptly provide the United States with information concerning resolution of the complaint.

29. Defendants shall be responsible for the preparation of annual compliance reports beginning on the anniversary of the entry of this Consent Order and continuing every year thereafter, except that the final report shall be submitted sixty (60) days prior to the expiration of this Consent Order. The compliance report shall include:

a. Copies of any advertising for the rental or leasing in newspapers, in telephone directories, on radio, on television, on the internet, or in the other media published since the effective date of this Consent Order or the submission of the prior compliance report; and

b. A list of all reasonable accommodation requests submitted to Defendants by persons, including residents or prospective tenants, since the effective date of this Consent Order or the submission of the prior compliance report, including the name and contact information of the requestor, the property at which the request was made, the date of the request, the nature of the request, and whether the request was granted or denied.

30. While this Consent Order remains in effect, Defendants shall preserve all records relating to their obligations under this Consent Order. Representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Consent Order.





### *VII. RELIEF FOR COMPLAINANTS*

31. Within fourteen (14) days of the entry of this Consent Order, Defendants shall deliver to Counsel for the United States, by overnight delivery service with tracking capability, the amount of ***TWENTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500)*** for the purpose of compensating the Complainants. These funds shall be delivered to Counsel for the United States by separate checks payable to the Complainants in amounts to be provided to Defendants by the United States within seven (7) days of the entry of this Consent Order.

32. As a prerequisite to receiving payment pursuant to Paragraph 31, the Sandusky Complainants and the Barmettler Complainants shall execute a release of all claims, legal or equitable, that they may have against Defendants relating to the claims asserted in this lawsuit. Releases shall take the form of Appendix B to this Consent Order. The United States shall deliver the signed releases to Counsel for Defendants.

### *VIII. JURISDICTION, DURATION, AND SCOPE*

33. This Consent Order is effective immediately upon its entry by the Court, and shall remain in effect for five (5) years from the date of its entry.

34. The Court shall retain jurisdiction over this action and the Parties thereto for the purpose of enforcing and modifying its terms while the Consent Order remains in effect.

35. The United States may move the Court to extend the period in which this Consent Order is in effect if the United States believes it is likely that Defendants violated one or more terms of the Consent Order or if the interests of justice so require to effectuate the rights and obligations arising from this Consent Order. This action and the Complaint shall be deemed dismissed with prejudice upon the expiration of this Consent Order.

36. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the Parties.

37. The terms of this Consent Order shall not be modified, revised, or altered unless mutually agreed upon in writing by the Parties and approved by the Court.

38. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matter to the

Court for resolution. However, in the event Defendants fail to perform in a timely manner any act required by this Consent Order or act in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of damages, costs, and reasonable attorney's fees that may have been occasioned by Defendants' violation or failure to perform.

39. If, at any time before the expiration of this Consent Order, a Defendant sells or otherwise relinquishes their ownership interest and/or management responsibilities of all residential rental properties to a bona-fide, independent, third-party in an arms-length transaction,[2] that Defendant's obligations under this Consent Decree, except for Paragraph 31, shall cease. For purposes of this Paragraph, a "bona-fide, independent, third-party" is one in which none of the Defendants nor any of their officers, members, executives, managers, partners, employees, subsidiaries, affiliates, or agents has any current or past financial, contractual, personal, or familial relationship.

40. If, at any time while this Consent Order remains in effect, any Defendant maintains that its obligations under this Consent Order have terminated or changed because it has relinquished, sold or transferred its management duties and/or ownership interest in residential rental properties to a bona-fide third-party in an arms-length transaction, Defendant shall inform the United States within thirty (30) days of such transaction and provide the date of the sale or transfer, copies of the sale or transfer documents, and the name(s) and contact information for the transferee.

[2] For purposes of this Consent Order, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction. A transaction involving an entity in which any Defendant is or shares an owner, officer, member, executive, manager, partner, employee, subsidiary, affiliate, or agent, shall not be considered an arms-length transaction.

41. If any transfer of interest in the residential rental properties is not an arms-length transaction, Defendants shall remain jointly and severally liable, along with the transferee, for any violations of this Consent Order.

### *IX. COSTS OF LITIGATION*

42. Except as provided for in Paragraph 38, all Parties shall be responsible for their own attorney's fees and costs associated with this action.

### *X. TERMINATION OF LITIGATION HOLD*

43. The Parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any of the Parties of any other obligations imposed by this Consent Order.

***IT IS SO ORDERED.***

***MIRANDA M. DU***
***UNITED STATES DISTRICT JUDGE***
***DATED THIS 19th Day of December 2022.***





Dated: December ~~1~~ 15, 2022

***FOR THE UNITED STATES OF AMERICA:***


JASON M. FRIERSON
United States Attorney

By: /s/ Holly A. Vance
HOLLY A. VANCE
Assistant U.S. Attorney
U.S. Attorney's Office
District of Nevada

KRISTEN CLARKE
Assistant Attorney General

SAMEENA SHINA MAJEED
Chief

By: [signature]
MEGAN K. WHYTE DE VASQUEZ
Deputy Chief
BETH FRANK
WILLISTINE TARSHA HARRIS
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
4 Constitution Square
150 M Street, N.E., Suite 800
Washington, D.C. 20530
Tel: (202) 616-2677 | Fax: (202) 514-1116
Beth.Frank@usdoj.gov
Willistine.Harris@usdoj.gov

*Attorneys for Plaintiff United States of America*


***FOR ALL DEFENDANTS:***


C. NICHOLAS PEREOS

By: [signature]
C. Nicholas Pereos, Esq.
C. Nicholas Pereos, Ltd.
161 Country Estates Circle, Unit 2
Reno, Nevada 89511
Tel: (775) 329-0678
CNPereos@gmail.com
*Attorney for All Defendants*

***APPENDIX A***

***<u>RECEIPT OF CONSENT ORDER AND CERTIFICATION OF FHA TRAINING</u>***

I, ______________________________, certify that I have received a copy of the Consent Order resolving the claims in the case *United States v. C. Nicholas Pereos, et al.*, Case No. 3:21-cv-00031-MMD-CSD (D. Nev.), filed in the United States District Court for the District of Nevada. I have read and understand the Consent Order and had an opportunity to have my questions about the Decree answered. I further certify that I attended training on the federal Fair Housing Act ("FHA"), which included training on the FHA's provisions related to reasonable accommodations, including discriminatory statements and actions prohibited by the FHA. I have had all of my questions concerning this topic answered to my satisfaction.

Name of Course & Instructor: ______________________________________

Training Date: ____________________ Number of hours spent taking the course: ______

______________________________
Signature

______________________________
Printed name

______________________________
Date

***APPENDIX B***

***FULL AND FINAL RELEASE OF CLAIMS***

In consideration of the Parties' agreement to the terms of the Consent Order entered in the case *United States v. C. Nicholas Pereos, et al.*, Case No. 3:21-cv-00031-MMD-CSD (D. Nev.) filed in the United States District Court for the District of Nevada, and in consideration of the payment of [#] THOUSAND DOLLARS ($#,000), I, ______________________________, on behalf of myself and ______________________________, do hereby fully release and forever discharge Defendants C. Nicholas Pereos, Nina Properties II, Inc., Pereos 1980 Trust a.k.a. Restated 1980 Trust, Willis E. Powell, Nichole Truax, Iris Norton, Brownstone Apartments, LLC, and Teri Morrison, and their officers, directors, agents, employees, assigns, and other affiliates from any and all liability for any and all fair housing or discrimination claims set forth, or which could have been set forth, in the Complaint in the above referenced action as of the effective date of the Consent Order. I acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

By: ______________________________

As an individual, and as parent/guardian on behalf of ______________________________

Signature: ______________________________

Printed Name: ______________________________

Date: ______________________________